

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 2, 1975

The Honorable Jack K. Williams
President, Texas A&M University
College Station, Texas 77843

Dear President Williams:

Opinion No. H-704

Re: Whether Texas A&M
may sell its agricultural
station in Crystal City
and apply the proceeds
to the development of the
station in Uvalde.

You have asked about the disposition to be made of proceeds from the sale of the Texas A&M University - Rio Grande Plains Research Demonstration Station near Crystal City if the Board of Regents of the Texas A&M University System decides upon its abandonment and sale. Specifically, you ask:

> 1. May proceeds from the sale of the Crystal City Station be applied toward the purchase of breeding animals in the establishment of a cow herd for the Uvalde Center?

> 2. May proceeds from the sale of the Crystal City Station be used toward the cost of a long term lease of land that is suitable for range research?

The establishment and management of agricultural experiment stations by the Texas A&M University System is governed by Title 3, subchapter C, of the Texas Education Code. Section 88.203, Education Code, provides:

> (a) The board may:

> (1) establish experiment substations at places in this state it deems proper;

> (2) abandon or discontinue any substation which may become undesirable for experiment purposes, and if deemed necessary establish others in their stead at places it deems advisable; and

(3)  sell any land or other state property used in the
operation of an experiment station when abandoned and
apply the proceeds of the sale to the purchase of other
land and property for the establishment of experiment
stations.

(b)  The board shall exercise a general supervision over
substations established under this subchapter.

Such sales and their proceeds are further regulated by section 88.204,
Education Code, which reads:

· If property used in the operation of a station is sold,
the title to the property shall not pass from this state
until a deed of conveyance is made to the purchaser, duly
signed by the governor and attested by the secretary of
state under his official seal.  All funds received from
the sale of station lands or property shall be deposited
in the state treasury and shall be paid out in accordance
with the provisions of this subchapter.

Specific authority to purchase livestock is given by section 88.209 and
authority to lease land for experiment work is contained in section 88.206,
Education Code.  We have no difficulty in concluding that both questions
should be answered in the affirmative, provided the proceeds from the sale
have been appropriated by the Legislature.  See Attorney General Opinion
V-01 (1947) and Opinion dated May 23, 1925 at Vol. 273, p. 300, Letter
Opinions of the Attorney General of Texas.

Both the General Appropriation Act for the 1974-75 biennium and the
one for the 1976-77 biennium provide:

All balances in the institutional funds of the several
state institutions of higher education named in this
Article, at the close of the [last] fiscal year . . . ,
including balances in their revolving funds at that time,
and the income to such funds during the [next upcoming]
fiscal years . . . are hereby reappropriated for the
operation, maintenance and improvement of the respective
state institutions.  Acts 1975, 64th Leg., ch. 743, art. IV,
§ 17;  Acts 1973, 63rd Leg., ch. 659, p. 2149, art. IV, § 17.

In our opinion, sections 88.203 and 88.204 of the Texas Education Code dedicate to the Texas Agricultural Experiment Station - - for the establishment of other experimental stations - - all proceeds from the sale of property used for an abandoned station, and the fund thus created is an "institutional fund of a state institution of higher learning" within the meaning of the above mentioned General Appropriations Act provision. Attorney General Opinion V-454 (1947). It follows therefore, that the proceeds of such sales have been specifically appropriated to the Texas Agricultural Experimental Station for use in accordance with the statutory purpose. Although the Appropriation Act language is broader than the Education Code description of the dedicated purpose, it will be construed to authorize only those expenditures from the fund that are allowed by the general statutes. Attorney General Opinion V-01 (1947). See also Acts 1975, 64th Leg., ch. 743, art. V, § 22.

We therefore answer your questions in the affirmative. See also Attorney General Opinion O-6903 (1945). Cf., Attorney General Opinions H-23 (1973), S-210 (1956), V-320 (1947), O-6017 (1944), O-5918 (1944).

## SUMMARY

Proceeds from the sale of property used for an agricultural experimental substation may be used for the purchase of breeding animals for another experimental station and to lease land suitable for range research.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee